UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF WILDBRAIN FAMILY INTERNATIONAL LIMITED REQUEST FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDING | Case No. 19-MC-527 (JPO) |

**ORDER GRANTING APPLICATION
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDING**

The Court is in receipt of an application seeking discovery pursuant to 28 U.S.C. § 1782, dated November 14, 2019 (the "Application"). WildBrain Family International Limited ("WildBrain" or "Applicant"), has filed an application seeking assistance to obtain discovery for use in a foreign proceeding in the Courts of England and Wales against Moonbug Entertainment Limited ("Moonbug"), Rene Rechtman, Jason Schretter, John Robson, and Alfred Chubb (collectively, the "Defendants"). WildBrain alleges that the Defendants launched an orchestrated attack on WildBrain to unlawfully boost the prospects of their newly created business, Moonbug. WildBrain seeks permission to serve subpoenas substantially similar to the subpoenas annexed as Exhibit A and Exhibit B to the Declaration of Faith E. Gay (the "Proposed Subpoenas"), and any other discovery requests as may be necessary following review of the discovery obtained pursuant to the Application.

A.     WildBrain has satisfied the requirements under 28 U.S.C. § 1782 for the requested judicial assistance and relief.

B.     For purposes of the Application, The Raine Group LLC ("Raine" or "Respondent") resides or is found in the Southern District of New York.

C.     The discovery sought through the Application is for use in a pending foreign proceeding.

D.     WildBrain, in its capacity as a party-litigant, is an interested person within the meaning of the statute.

E.     The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004), weigh in favor of granting the Application.

F.     More particularly: (1) Raine is not a participant in the U.K. proceeding; (2) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the evidentiary requests are narrowly tailored both substantively and temporally.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1.     The Application is **GRANTED**.

2.     Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure.

3.     WildBrain's request for leave to conduct discovery including, but not limited to, leave to serve subpoenas substantially similar to the Proposed Subpoenas on Raine is **GRANTED**.

4.     Raine is ordered to preserve all relevant and potentially relevant evidence in its possession, custody, or control until such time as WildBrain communicates to it that the preservation is no longer necessary or until further order of this Court.

5.     WildBrain is further authorized to issue and serve such additional follow-up subpoenas on Raine or third parties as may be necessary to obtain documentary and testimonial evidence for use in the foreign proceeding, as described in the Application.

6.     Nothing in this Order should be construed to prevent or otherwise foreclose WildBrain from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this 19th day of November, 2019.

_____
J. PAUL OETKEN
United States District Judge