UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

IN RE APPLICATION OF WILDBRAIN
FAMILY INTERNATIONAL LIMITED
FOR AN ORDER PURSUANT TO                    19-MC-527 (JPO)
28 U.S.C. §1782 TO CONDUCT
DISCOVERY FOR USE IN A FOREIGN              MEMORANDUM
PROCEEDING                                  AND ORDER

―――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

On November 19, 2019, this Court granted the application of WildBrain Family International Limited ("WildBrain") for certain discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782. (Dkt. No. 6.) The target of that application, The Raine Group LLC ("Raine"), subsequently filed a motion to quash the subpoenas served by WildBrain and to vacate this Court's order. (Dkt. No. 20.) The Court has reviewed the briefs, declarations, and letters addressing Raine's motion. For the reasons that follow, Raine's motion is granted in part and denied in part.

**I.     Legal Standard**

Pursuant to 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a). Such an order may be made "upon the application of any interested person." *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.*

In ruling on a Section 1782 application, a district court first must determine whether three statutory requirements are met: (1) the person from whom discovery is sought must "reside" or be "found" in the district, (2) the discovery must be "for use in a proceeding before a foreign

1

tribunal," and (3) the application must be "made by a foreign or international tribunal or any interested person." *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018). After determining that the statutory requirements are met, the court then must exercise its discretion, considering four factors identified by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004):  (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65.

"The *Intel* factors are not to be applied mechanically," *Kiobel*, 895 F.3d at 245, as they are simply "guides for the exercise of district-court discretion." *Intel*, 542 U.S. at 263 n.15. These factors are "non-exclusive," *Kiobel*, 895 F.3d at 244, and the district court "should also take into account any other pertinent issues arising from the facts of the particular dispute." *Id.* at 245.  "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts . . . .'" *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 79 (2d Cir. 1997).

**II.     Discussion**

The parties do not dispute that the three statutory requirements for Section 1782 discovery are met here:  Raine resides in or is found in this District; the discovery is for use in litigation pending in the United Kingdom; and the application is made by an interested person, WildBrain.

The parties do dispute the application of the four discretionary *Intel* factors and the general appropriateness and scope of WildBrain's subpoenas directed to Raine.

*The First* **Intel** *Factor***.**  Raine — *qua* Raine — is not a participant in the UK proceeding. To be sure, one of Raine's partners, Schretter, is a defendant in that proceeding and in that sense Raine may be considered a "participant."  But the focus of the parties and the court in setting the contours of discovery in the UK proceeding was on documents in *Schretter's* custody and control, rather than the broader universe of Raine documents.  For practical purposes, Raine as an entity was not a participant in the UK proceeding, and this factor favors WildBrain.

*The Second* **Intel** *Factor.*  With respect to WildBrain's subpoena for documents, there is no "authoritative proof" or "clear directive" suggesting that the UK court would not be receptive to the Section 1782 discovery sought here. *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995).  The fact that the UK court has not specifically requested such documents is neither surprising nor fatal to WildBrain's position.  WildBrain has made a sufficient showing that Raine, which invested $145 million in Moonbug, may have documents that are relevant to the UK litigation.  The Court concludes that this factor generally weighs in favor of WildBrain's application.

In contrast, it is far less clear that this factor supports WildBrain's subpoena for live testimony.  The "nature" and "character" of the UK proceedings are not such that they include

3

live pretrial testimony, but only witness statements.  The Court concludes in its discretion that live testimony by Raine, a nonparty to the UK litigation, is not warranted.

*The Third* **Intel** *Factor*.  With respect to WildBrain's document subpoena, the Court discerns no "attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."  *Intel*, 542 U.S. at 265.  Raine faults WildBrain for failing to ask the UK court for broader discovery from Raine.  But there is no exhaustion requirement for Section 1782 discovery.  *See Euromepa*, 51 F.3d at 1098.

Again, however, the Court concludes that ordering live testimony would be in tension with the proof-gathering procedures that govern the UK tribunal overseeing this dispute.

*The Fourth* **Intel** *Factor.*  The parties also dispute whether the subpoenas are "unduly intrusive or burdensome."  *Id.*  Raine has not made a specific showing as to how the subpoenas are unduly intrusive or burdensome.  It argues generally that it should not have to search all of its employees' documents when only three (or perhaps five) Raine employees have relevant documents, and that the subpoenas are overbroad in scope.

While the Court does not find that the fourth *Intel* factor categorically favors quashing the subpoenas, the Court has considered Raine's arguments in assessing whether the discovery sought is "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Having reviewed the relevant filings and the parties' arguments in light of the discretionary *Intel* factors and the proportionality standard of Federal Rule 26, the Court rules as follows:

1. Raine's request to limit the scope of the document subpoena to five custodians is denied.  The fact that WildBrain has not identified all the pertinent custodians is not surprising, given that Raine has possession of this information.  Raine shall promptly (1) review and

produce responsive documents in the custody and control of Kasper, Shanfield, and Gardner, in addition to the three original Raine custodians; and (2) conduct a good faith search to identify additional Raine personnel who may have responsive documents.

2. With respect to Document Requests 12, 13, and 14, while the original requests were overly broad, the Court finds that WildBrain's revised requests — set forth in footnote 13 of Dkt. No. 28 — are reasonable and proportional to the needs of the case. Accordingly, Raine shall respond to those requests as modified.

3. Raine's motion to quash is granted with respect to WildBrain's Rule 30(b)(6) deposition subpoena. The Court finds that such testimony is not proportional to the needs of the case and is unwarranted.

4. In all other respects, Raine's motion to quash is denied.

### III. Conclusion

For the foregoing reasons, Raine's motion to quash subpoenas and to vacate this Court's order of November 19, 2019, is GRANTED in part and DENIED in part, as indicated above.

The Clerk of Court is directed to close the motion at Docket Number 20.

SO ORDERED.

Dated: October 19, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge